IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LAUREN MCNAMEE, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OZ STAFFING, LLC d/b/a ON TIME STAFFING, LLC,<br><br>Defendant. | Case No:   20-cv-1282<br><br>Removed from the Circuit Court of Peoria County, Illinois, Case No. 20-L-00140 |

## NOTICE OF REMOVAL

Defendant Oz Staffing, LLC ("Defendant")[1] hereby removes the above-captioned action, which is currently pending in the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois to the United States District Court for the Central District of Illinois. This removal is based upon jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

*The State Court Action*

1. On June 9, 2020, Plaintiff Lauren McNamee ("Plaintiff") filed a putative class action complaint in the Circuit Court of the Tenth Judicial Circuit, Peoria County, Illinois, s *Lauren McNamee, individually and on behalf of all others similarly situated, v. Oz Staffing, LLC d/b/a On Time Staffing, LLC*, Case No. (20-L-00140) (the "Action"). The Complaint alleges three counts for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) ("BIPA").

---

[1] The Complaint incorrectly names Defendant as Oz Staffing, LLC d/b/a On Time Staffing, LLC. Defendant was formerly known as On Time Staffing, LLC, but its legal name is now Oz Staffing, LLC.

2. Defendant was served with a copy of the summons and complaint on July 2, 2020. Thus, this Notice of Removal is timely filed within the 30 days permitted by 28 U.S.C. § 1446(b).

3. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons, Complaint is attached as **Exhibit 1**.

4. Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "[a]ll individuals working for [Defendant] or its subsidiaries, successors, or affiliates in the State of Illinois who had their fingerprints and/or other biometric information collected, captured, received, or otherwise obtained, maintained, stored or disclosed by Defendant during the applicable statutory period" (the "Putative Class"). (Compl. ¶ 59.)

5. Plaintiff alleges that Defendant violated her rights and the rights of the Putative Class under BIPA by:

- Failing to publicly institute, maintain, and adhere to a publicly-available retention schedule or guideline for permanently destroying its employees' biometric identifiers and information, in violation of 740 ILCS 14/15(a).
- Failing to obtain informed written consent and releases from Plaintiff and the Putative Class before it collected, used and stored their biometric identifiers and information, in violation of 740 ILCS 14/15(b)(3);
- Failing to inform Plaintiff and the Putative Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);
- Failing to inform Plaintiff and the Putative Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2);
- Failing to obtain consent before disclosing biometric identifiers and information, in violation of 740 ILCS 14/15(d)(1).

(*See id.*, ¶¶ 70-71, 79-80, 84-85, 89-90.)

6.  Plaintiff alleges that she and the putative class members were required to use their fingerprints to clock-in and clock-out when they worked. (See id, ¶¶ 34-35).

7.  Plaintiff seeks monetary damages on behalf of herself and the Putative Class for each violation of BIPA, injunctive and other equitable relief, reasonable litigation expenses and attorneys' fees, pre- and post-judgment interest, and any other relief as justice requires. (*Id.*, Prayer for Relief.)

### *Venue*

8.  Because the Circuit Court of Peoria County, Illinois lies in the Central District of Illinois, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(b), 1441(a), and 1446(a).

### *CAFA Jurisdiction*

9.  This Court has original jurisdiction over this Action under CAFA. CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A). CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.

10. Here the Named Plaintiff and Defendant are citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[2]

11. Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. 1332(d)(5)(A).

---

[2] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

12. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B), as Defendant has placed approximately 126 employees at NFI Industries in Illinois from June 9, 2015 through December 2018 (when it ceased operations). (**Exhibit 2**, Declaration of Don Sullivan ("Sullivan Decl.") ¶¶ 8, 10.)

13. Diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of Illinois and Defendant is a citizen of New Jersey and Pennsylvania.

14. Plaintiff is domiciled in the State of Illinois. (Compl. ¶ 16.) Accordingly, Plaintiff is a citizen of Illinois.

15. Defendant is a New Jersey limited liability company. (*See* Compl. ¶ 17; Sullivan Decl. ¶ 5.) Defendant's members are Dana Kares, Steve Schoeffler, Paul Allen, Don Sullivan, and Greg Indictor. Greg Indictor is domiciled in Pennsylvania. Dana Kares, Steve Schoeffler, Paul Allen, and Don Sullivan are each are domiciled in New Jersey. (Sullivan Decl. ¶ 9.)

16. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

17. Therefore, for the purposes of determining diversity jurisdiction, Defendant is a citizen of New Jersey and Pennsylvania.

18. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of New Jersey and Pennsylvania.

19. Though Plaintiff's Complaint is silent as to the total amount of damages claimed, her pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). While Defendant denies the validity and merit of all Plaintiff's claims and denies her requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total

4

amount of damages at issue in this action is in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

20. Plaintiff alleges Defendant could owe as much as $5,000 in statutory damages for <u>each</u> violation of BIPA. (*See* Compl. ¶¶ 77, 87, 96; 740 ILCS 14/20.)

21. Here, there have been 126 employees of Defendant who were placed at NFI Industries since June 9, 2015. (Sullivan Decl. ¶ 10.) In the Complaint, Plaintiff alleges Defendant recklessly or intentionally violated five separate provisions of BIPA with respect to each class member. *See* Complaint ¶¶ 70-71, 79-80, 84-85, 89-90. Further, Plaintiff alleges Defendant required employees to use their fingerprints each time they clocked in and out for work. (*See* Compl. ¶¶ 34-35). Plaintiff alleges she was required to scan her finger print each time she began and ended her workday, as well as each time she clocked in and out for meal and rest breaks. (See Compl ¶ 48). Accordingly, the Complaint alleges that Defendant collected fingerprint data on each employee at least two times per shift. If, as Plaintiff appears to allege, each time an employee allegedly clocked in or out using her fingerprint is deemed a willful violation (an interpretation of the statute that Defendant disputes), then an employee working a single shift could be owed a $10,000 for a single shift based on the alleged violation of the collection provision of BIPA. If each of the 126 putative class members only worked a single five day work week, the amount in controversy based on the alleged violation of the collection provision for the class is $6,300,000.00 ($10,000 per shift x 5 shifts x 126 putative class members).

22. As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.[3]

---

[3] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C. § 1332(d)(3) and (4). It is Plaintiffs' burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3)

*Compliance With Procedural Requirements*

23. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the complaint on July 2, 2020. *See* **Exhibit 1**.

24. Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Laura McNamee, as required by 28 U.S.C. § 1446(d), through her attorneys, Ryan F. Stephan, James B. Zouras, Haley R. Jenkins, Stephan Zouras, LLP, 11 N. Riverside Plaza, Suite 2150, Chicago, Illinois 60606.

25. A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Peoria County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Peoria County as required by 28 U.S.C. § 1446(d).

26. Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant hereby removes this Action from the Circuit Court of Peoria County, Illinois, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

---

and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

Dated: July 31, 2020            Respectfully submitted,

**OZ STAFFING, LLC f/k/a ON TIME STAFFING, LLC**

*/s/Patricia J. Martin*
One of Defendant's Attorneys

Patricia J. Martin
*pmartin@littler.com*
LITTLER MENDELSON, P.C
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
314.659.2000

*Attorneys for Defendant Oz Staffing, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on July 31, 2020, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system and served upon the following via email:

Ryan F. Stephan
James B. Zouras
Haley R. Jenkins
Stephan Zouras, LLP
100 N. Riverside Plaza,
Suite 2150
Chicago, Illinois 60606
312.233.1550
312.233.1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
hjenkins@stephanzouras.com

                 */s/Patricia J. Martin*